Hoffman, J.
The first and most important question thus arises. The defendants have a valid lien upon the stock in question as against Jenkins, the original subscriber, by reason of the non-payment of the notes given upon his subscription? They had issued to Jenkins a certificate stating “that he was the proprietor of such shares, which are transferable only on the books of the bank, by the said E. F. Jenkins or his attorney, on surrender of this certificate.” This certificate has come to the hands of the present plaintiff, for valuable consideration, by successive trans *577 fers. He demands a transfer of the stock on the books of the company. It is refused, because of the lien claimed to exist. Can the assignee of the certificate sustain a claim which Jenkins, the assignor, could not do ?
The lien of the company is thus created:
The defendants were organized as a corporation under the general banking act of 1838. The articles are in evidence, and are very explicit as to the existence and enforcement of the lien.
These were embodied in the certificate recorded and filed pursuant to the sixteenth section of the act. But this court has decided in this case, when previously before it, that the record was constructive notice only of what the statute prescribes must be contained in the certificate. None of the clauses of the articles now referred to are among those specified in the sixteenth section as necessary to be contained in the certificate.
But the nineteenth section of the act provides that the shares shall be deemed personal property, and shall be transferable on the books of the association, in such manner as may be agreed on in the articles of association; and every person becoming a shareholder by such transfer shall, in proportion to his share, succeed to all the rights and liabilities of prior shareholders.
The articles of association, in the present case, prescribe that the association may sell the shares of any debtor stockholder, that no shareholder shall be permitted to transfer his shares or receive a dividend thereon, who shall owe a debt to the association, until it be paid, and that no share shall be transferable on which any call for any installment of capital, or any interest on such installment, shall remain unpaid. And every transfer shall be made and taken expressly subject to all the conditions and stipulations contained in the articles.
Now the question is, whether the general act is not a constructive notice to an assignee of a certificate that it can only give to him the same rights as were possessed by the party in whose favor it was issued? He is to succeed to these rights and liabilities. The transfer is to be made on the books, as may be agreed upon in the articles. The liability for an unpaid subscription is declared in the articles.
Stebbins v. The Phoenix Fire Insurance Company (3 Paige, 350) was cited by the plaintiff’s counsel. Certain stock belonged to *578 Charles Mowatt, and was transferred by him on the books to one James Donaldson, a mere fictitious person, to enable him to be placed on the list of directors. A certificate was issued in the usual form, signed by the president and secretary, stating that Donaldson was the owner of such shares of stock, transferable only on the books of the company. Mowatt appropriated the corporate funds to his own use. He afterwards fouud a person of the name of James Donaldson, and obtained from him an assignment and power of attorney in blank. Being indebted to the Chemical Company, of which the plaintiff was cashier, he filled up the blanks with his name and delivered the certificate and powers to him as security for such debt. The bill was to compel a transfer. The defendants insisted upon their lien.
Vice-Chancellor MeOoun held, 1st, That the lien could not be created by the by-laws, but was created by the statute granting the charter, and by that only. 2d, That lien must exist against a stockholder. 3d, Donaldson, and not Mowatt, was the stockholder. The company had vested the title in him by the certificate and entering his name on the books as the owner. (Kane v. Bloodgood, 7 John. Ch. Rep. 108.) 4th, The equities between Donaldson and Mowatt, if there were any on such a transaction, were of no consequence as related to the plaintiff being a bona fide holder of the certificate. He was not such a holder, although he took the transfer for an antecedent debt. The plaintiff was entitled to a decree for an absolute transfer of the stock.
On appeal, the Chancellor held, 1st, That though the by-law created no lien, yet, as the possession of the certificate did not give a legal title which would only pass by the transfer on the books, a purchaser without such transfer would take, subject to any equitable claim of the company or others upon the stock. The by-law made a transfer necessary to pass the legal title. Without it a bona fide assignee of the certificate would have taken it free of any lien of the company, 2d, The company had a legal and equitable lien upon the stock, under the eighth section of the charter. (That was very explicit in declaring it.) 3d, The transfer to Donaldson was a mere nullity, and the ownership of the stock never passed to Mowatt; but of this the officers were aware. If the plaintiff- had, therefore, actually advanced money on the assignment to them, he was inclined to think they could have *579 prevailed against the company’s lien. But an assignment for securing an antecedent debt conferred no such superior equity. 4th, The lien existed upon all stock standing in the name of a stockholder, or in that of a trustee for him.
The right of the defendants to the lien was declared; the complainant was allowed to redeem the stock.
The intimation of the Chancellor as to the rights of the parties,. had money been advanced, appears to rest upon this, that the directors had connived in issuing a certificate declaring Donaldson to be a holder, against whom they had, in fact, no claim. The present case is free from any such difficulty.
I apprehend that the right of the defendants to this lien in the present case would be sustained upon the doctrine of either the Vice-Chancellor or the Chancellor, provided a lien were constituted by statutory law.
This, then, is the inquiry, I think, and that proposition is not contested, that the articles of association gave the lien as against Jenkins. The stock, so long as it stood in his name, was liable for the demand. The assignee takes, as his successor, and by the statute takes with the same rights and liabilities.
It, has not escaped my notice that the language admits of the construction, that the assignee is to be responsible only for personal liabilities of his assignor, for example, to creditors. It can scarcely be claimed that a personal liability would arise for the unpaid subscription-money. Í But, then, the transferree succeeds to the rights of the transferror. He cannot succeed to greater rights; and rights certainly contemplate the relation with the company as well as with others.
The case of Bates v. The New York Insurance Company, (3 John. Com. 238,) is in point upon this question. By articles of association of the company, no transfer of any share was to be valid or permitted’until all the instalments on the shares were paid. An assignment of a shareholder’s stock had been made to the plaintiff) and notice given on the 20th of January, 1797. It was held, that the company had a right to retain all dividends until the debt of the assignor, actually due at the time of the notice, had been satisfied. The court declined to pass upon the question as to what the defendants’ rights would have been if the note held by the company had not been due.
*580 The New York Insurance Company was incorporated by an act of the 2d of April, 1798, and it recites that Archibald Gracie, and others, had associated as a company, under the same title. I am informed by the present counsel of the company, Mr. Justice Emmet, -that they were associated in 1796, and got their charter in 1798, after the stock had been fully paid up.
The counsel for the defendants insists that the case of The Mechanics' Bank v. The New York and New Haven R. R. Co. (3 Kernan, 600,) is decisive. Undoubtedly, it goes far, if not fully, to establish the position, that transfers of certificates confer nothing beyond the title of the assignor. The rule thus stated is, I think, particularly applicable, and particularly clear, where the company has a valid lien upon the stock for an undoubted demand. At least, it is more apparent to my mind, that where, as in that case, there was, in the judgment of the court below, room to treat the company as debarred from a defence by reason of its acts, through agents presumptively authorized.
I think a judgment in favor of the defendants should be qrdered.
Bosworth, J.
This action is brought against Mr. Rumsey, as president of a bank, organized under the general banking law of 1838.
The 19th section of that act declares that the shares of stock “shall be transferable on the books of the association in such manner as may be agreed on in the articles of association.” (1 R. S., 4th ed., 1147.)
Sections 2 and 3 of article II., and sections 1, 2, 3, and 4 of' article Y. of the articles of association, are valid, and as efficient as if forming parts of a special charter.
As between the bank and Jenkins, the former, by force of the articles of association, to which the latter was a party, had a lien on this stock, as security for the notes given for the stock subscription, and had a right to sell the stock to obtain payment of the notes.
The plaintiff -has not obtained, as yet, a legal title to the stock. To obtain that, a transfer must be made on the books of the association, signed by the shareholder or his duly authorized attorney in writing. Unless by a transfer made in a different manner, the assignee of a certificate can acquire rights and equities against .the *581 corporation superior to those which the assignor had, the defendant may assert its lien upon the stock, as against the plaintiff, precisely as it could have done against Jenkins.
The opinion of the Court of Appeals in The Mechanics' Bank v. The N. Y. & New Haven Railroad Co., (3 Kern. 599 & 623-629,) is explicit in asserting the proposition, that an outside transfer of a certificate will confer upon the assignee, merely, such rights as his assignor possessed. The proposition is argued at great length, and its soundness is so often and directly declared, that we are not at liberty to regard it as an obiter dictum.
Applying that rule to the facts of this case, the complaint should be dismissed, unless the plaintiff elects to have a transfer of the stock upon the books of the company, upon the terms of satisfying the incumbrances which are a lien upon it.
Independent of the decision made in The Mechanics' Bank v. The New York & New Haven Railroad Co., it is not clear that the lien of the defendants could be asserted, evenifitbe conceded that its rights are not weaker than they would have been if the bank was incorporated by a special act containing the provisions found in the articles of association of the present defendants. The plaintiff is a purchaser for value, without notice of the equitable lien of the defendants.
W The Chancellor, in Stebbins v. Phoenix Fire Ins. Co., (3 Paige, 350-362,) intimated the opinion, that “the defendant could not be permitted to enforce that lien against bona fide purchasers of the stock who had no notice of such equitable lien,” but it was unnecessary to the decision of that case, to consider that question. The charter of that company contained a provision in effect like section 4 of article II. of the defendants’ articles of association.
The Chancellor’s dictum is not necessarily opposed to the decision made in The Union Bank v. Laird, (2 Wheaton, 390.) In the latter case, Laird took the transfer as security against a preexisting liability; he was not, therefore, a purchaser for value paid for the certificate, and on the faith thereof.
In Bates v. The New York Ins. Co., (3 J. C. 238,) the decision was put on the ground, that all stock dividends declared before the company was notified of the transfer of the stock, being money in its hands, it might equitably apply upon a debt actually due and owing by the person who held the legal title on the books *582 of the company; but that on the stock being paid for in full by the purchaser, the company could not refuse a transfer, until it was paid the whole sum owing to it by the shareholder having the legal title at the time the transfer was demanded. The purchaser having been compelled to pay the debt owing by such person to the company, in order to obtain a transfer of the stock to himself on the books of the company, he was allowed to recover the money back in action for money had and received.
When there is nothing in the terms of a certificate to indicate that the stock has not been fully paid for, and an outside purchaser of the certificate has no notice that it has not been paid for, it is difficult to perceive why he should be any more affected by a lien created by the articles of association, than by a lien created by a special agreement between the parties for an unpaid note, which has been discounted in the ordinary course of business. (Vide Bank of Utica v. Smalley, 2 Cowen, 770, 778; Gilbert v. Manchester Iron Manufacturing Co., 11 Wend. 627.)
In The Mechanics' Bank v. The New York & New Haven Railroad Co., (3 Kern. 629,) the court said, that before an assignment of a stock certificate could be admitted to confer on the assignee a better title than the assignor had, “it must be shown to have not only all the negotiable qualities of a bill of lading, but others also which that instrument does not possess.”
“It is mainly by assuming for these instruments the possession, in a greater or less degree, of the peculiar qualities of negotiable securities, that the plaintiffs claim to have acquired by transfer better rights than their assignor had; and as that assumption fails, this claim must fall to the ground.”—Id.
“ While it may be the effect of a stock certificate to give to the holder a credit, its terms do not request, invite, or guarantee it.” —Id. 630.
“But to say, that like a letter of credit, ... it contains any assurance or guarantee addressed to the dealer, of the safety of the transaction, is, in my judgment, to confound plain and long-settled distinctions.”—Id. 630, 631.
We think it quite clear, that the Court of Appeals meant to decide, and to be understood as deciding, that an assignee of a certificate could not thereby acquire any rights against the corporation superior to those possessed by the assignor. That he was to be *583 deemed an assignee of a thing in action not negotiable, and as succeeding merely to the rights and equities of the assignors. Applying that rule to this case, the complaint should be dismissed. (See 1 R. S., 4th ed., p. 1147, § 170, and id. 1152, § 196.)
Under the stipulation made at the trial, and contained in the case, judgment should be entered for the defendants.
Oakley, Ch. J., concurred in the result, and -in giving judgment for the defendants, on the grounds stated in the opinion of Bosworth, J.