## Case No. 7,885.

### KNIGHT et al. v. OLD NAT. BANK.

[3 Cliff. 429; 4 Am. Law T. Rep. U. S. Cts. 240; 14 Int. Rev. Rec. 125; 6 Am. Law Rev. 386.] [1]

Circuit Court, D. Rhode Island. June Term, 1871.

BANKS AND BANKING—BY-LAWS OF NATIONAL BANK —SALE OF STOCK OF BANK BY DEBTOR— CONSENT TO SALE BY DIRECTORS.

The directors of a national bank, organized under the act of June 3d, 1864 [13 Stat. 99], adopted the following by-law: "No person indebted to the bank shall be allowed to sell or transfer his or her stock without the consent of a majority of the directors, and this whether liable as principal or surety, and whether the debt or liability is due or not." A stockholder indebted to the bank assigned by deed in trust for the benefit of his creditors his stock without the consent of the directors, and the assignees requested the bank to record the deed of assignment upon the transfer-book of the bank, or that they might "be allowed to transfer the stock to themselves on the books of the bank." The requests were refused by the bank. Held, that the by-law was valid, and that the directors, under section 8 of the act referred to, had power to adopt the same.

[Cited in Pendergast v. Bank of Stockton, Case No. 10.918. Followed in dissenting opinion in Bullard v. National Eagle Bank, 18 Wall. (85 U. S.) 598. Cited in Case v. Citizens' Bank of Louisiana, 100 U. S. 448.]
[See note to In re Bigelow, Case No. 1.395.]

[Amasa] Manton became the proprietor and holder of eighty shares of the capital stock of

1 [Reported by William Henry Clifford, Esq., and here reprinted by permission. 4 Am. Law T. Rep. U. S. Cts. 240, and 6 Am. Law Rev. 386, contain only partial reports.]

the Old National Bank [of Providence] in the place of eighty shares of stock previously held by him in the state bank of that name, and continued to be such proprietor and holder from the organization of the bank as an association for banking, under the acts of congress, until he transferred the same to the plaintiffs [Benjamin B. Knight and Albert S. Gallup] as his assignees. Such transfer was made on the 18th of February, 1867, by deed in trust for the benefit of creditors, and on the same day the plaintiffs presented the deed of assignment to the defendant bank, and requested that the same might be recorded upon the transfer-book of the bank, or that they might be permitted to transfer the stock to themselves upon the books of the bank, in the form prescribed by the directors, but the corporation defendants refused both requests, and also refused to allow the plaintiffs to make any transfer of the stock, to secure their rights under the deed of assignment. Damages were claimed by the plaintiffs, of the defendant bank, in an action of trespass on the case for the injuries to the plaintiffs, occasioned by the refusal to allow such transfer of the stock in question to be recorded, or made on the books of the bank. The defendants justified their refusal to allow the stock to be entered upon their books as transferred, upon the ground that the proprietor and assignor of the stock was indebted to the bank, that the bank, at the time of the assignment, and of the demand, held two bills of exchange, drawn by Dorr [Dorrance] and Morgan, and accepted by the firm, of which the holder and assignor of the stock was a copartner in trade. Those bills of exchange were as follows: One was dated Nov. 26th, 1866, for $5.000, and the other was dated Feb. 4th, 1867, for the sum of $7,000, and both were made payable to the order of the drawees four months from date, and were by them endorsed to the defendant bank, and were there discounted on the day of their date for the benefit of the drawers. Provision was made in the articles of association that the board of directors should consist of eight stockholders, and that a majority of the directors should constitute a quorum to do business, and that the directors should have power to make all by-laws that might be proper and convenient for them to make under said act for the general regulation of the business of the association, and the entire management and administration of its affairs, which by-laws might prohibit, if the directors should so determine, the transfer of stock owned by any stockholder who might be liable to the association either as principal or debtor, or otherwise, without the consent of the board. On the 10th of January, 1867, the board of directors, seven being present, adopted the following by-law: "That no person indebted to the bank shall be allowed to sell or transfer his or her stock without the consent of a majority of the directors, and this whether liable as principal or surety,

and whether the debt or liability is due or not." Authority to adopt by-laws, if the directors so determine, which shall prohibit the transfer of stock owned by any stockholder who may be liable to the association, either as principal debtor or otherwise, without the consent of the directors, was expressly conferred in the articles of association which are signed by all the persons who united to form the body corporate, as recognized in section 8 of the act. Pursuant to that authority the by-law in question was adopted by the directors, and the same was in full force at the time the demand was made, that the deed of transfer should be recorded, and the court said "it is clear to a demonstration that the language of the by-law is sufficiently comprehensive to justify the refusal, and that the plaintiffs have no cause of action if the by-law is valid."

B. T. Eames and Samuel Curry, for plaintiffs.

J. G. Markland and C. S. Bradley, for defendants.

CLIFFORD, Circuit Justice. Persons uniting under this act to carry on the business of banking, are required to enter into articles of association [specifying the object of the association],[2] and it is expressly enacted that the articles may contain any other provisions, not inconsistent with the act, which the association may see fit to adopt for the regulation of its business and the conduct of its affairs; and it requires no argument to show that the provision contained in the articles of association, if valid, did authorize the directors, if they saw fit, to prohibit by by-laws the transfer of stock owned by any stockholder who was liable to the association, either as principal debtor or otherwise, without the consent of the directors. Beyond all doubt, the provision in question was incorporated into the articles of association by virtue of the power conferred by section 5 of the act authorizing such associations, and which requires the persons forming the same to enter into articles specifying the object for which the association is formed, and also allows the association to incorporate any other provision into the articles, not inconsistent with the act, which the association may see fit to adopt for the regulation of the business and the conduct of its affairs. Search is made in vain for any provision of the act inconsistent with the provision in question, as incorporated into the articles of association, and if none can be found, then it is clear that the power of the directors to adopt the by-law is beyond all doubt, as the language of the provision of the fifth article is as full and explicit to that effect as could well be chosen.

Direct authority is conferred upon the directors of the bank to define and regulate by by-laws, not inconsistent with the provisions of the act. the manner in which stock shall

be transferred, its general business conducted, and all the privileges granted by the act to associations under it shall be exercised and enjoyed, and it is contended by the defendants, that the power of the directors to adopt the by-law in question may be sustained, as warranted by that provision. Suppose they are in error in that regard, still it is clear that section 8 of the act is not inconsistent with the provision contained in the articles of association, which in terms gives that power to the directors, and if not, then the defendants are justified in having refused to record the transfer of the stock, as it is sufficient for their defence that the directors possessed the power to adopt the by-law whether they derived it from section 8 of the act, or whether they derived if from the special provision incorporated into the articles of association under the power conferred upon the association by section 5. Banking associations, unless prohibited by their charter, may provide that the shares of their stock shall not be transferable until the shareholder shall discharge all the debts due by him to the association; and it is well settled that such a by-law, if adopted by proper authority, includes the liabilities of the shareholder which have not matured, as well as those payable on demand. Such a provision creates a valid lien against an assignee of the stock, even where the shareholder is only under a contingent liability, if the assignee takes the stock with notice of the lien, and gives no notice to the bank of the transfer until the liability has become fixed. Leggett v. Sing Sing Bank, 24 N. Y. 286. Power was given to the Hudson Bay Company by their charter to make by-laws for the better government of the company, and for the management of their trade, and they made a by-law that if any if their members should be indebted to the company his company-stock should be liable in the first place for the payment of such debts as he might owe to the company, and that the company might seize and detain the stock as security for such indebtedness. In a contest between the assignees in bankruptcy of the shareholder and the company the by-law was adjudged good upon the ground that the legal interest in all the stock was in the company. Child v. Hudson Bay Co.. 2 P. Wms. 207; Ang. & A. Corp. (4th Ed.) 386.

Where the charter of a bank provided that the shares of the capital stock should be transferable only on the books of the bank according to such rules as the directors should establish, and also provided that all debts actually due and payable to the bank by a stockholder requesting a transfer, must be satisfied before such transfer should be made, the supreme court held that no person could acquire a legal title to any shares except under a legal transfer according to the rules of the bank, that if any person took an equitable assignment it must be subject to the rights of the bank under the act of incorpora-

---

[2] [From 4 Am. Law T. Rep. U. S. Cts. 240.]

tion, of which he was bound to take notice. Union Bank v. Layrd, 2 Wheat. [15 U. S.] 393. Provisions to the same effect were also contained in the charter of the Bank of Washington, and the same court, twenty years later, held, in a contest between the United States and the bank, that every shareholder of a bank who draws or indorses a note to procure a loan from the bank, is bound to know the terms of the charter and by-laws; and his signature, if it is so provided in the charter, is an inchoate pledge of his stock as security for such paper; that his stock gives credit to the loan, and that the bank under such circumstances grants the loan on the faith of that security. Brent v. Bank of Washington, 10 Pet. [35 U. S.] 615. Shares in a bank whose charter provides that they shall be transferable only at its bank, and on its books, cannot, said Shaw, C. J., be effectually transferred, as against a creditor of the vendor, who attaches them without notice of any transfer by a delivery of the certificates, together with an assignment and blank power of attorney from the vendor to the vendee, even if notice of such transfer be given to the bank before the attachment. Fisher v. Essex Bank, 5 Gray, 379. Many other cases might be referred to where it is held that all persons unaffected with notice to the contrary, are at liberty to act upon the faith of the title being where it appears to be upon the books of the bank. Sabin v. Bank of Woodstock, 21 Vt. 353; Oxford Turnpike v. Bunnel, 6 Conn. 558; Perpetual Ins. Co. v. Goodfellow, 9 Mo. 150; Cunningham v. Life Insurance & Trust Co., 4 Ala. 652; Tuttle v. Walton, 1 Kelly, 43; Arnold v. Suffolk Bank, 27 Barb. 424; McCready v. Ramsey, 6 Duer, 574. Unquestionably, where the stock of a corporation is by the terms of its charter or by-laws transferable only on its books, still the purchaser who receives a certificate with power of attorney, acquires the entire title, legal and equitable as between himself and the seller, with all the rights which the latter possessed, but as between himself and the corporation he acquires only an equitable title which the corporation are bound to recognize whenever he presents himself, if before any effective transfer to another has been made on the books, and offers to do the acts required by the charter and by-laws to make a valid transfer, until those acts are done, he is not a stockholder, and has no claim to act as such; but possesses, by virtue of the certificate and power of attorney. as between himself and the corporation, the right to make himself, or whomsoever he chooses, a stockholder by complying with the rules prescribed in the by-laws or charter. New York & N. H. R. Co. v. Schuyler, 34 N. Y. 80.

Complete justification for the act of the defendants in refusing to recognize and record the transfer of the stock in this case, is found by the supreme court of the state, as well in the power granted to the corporation to define and regulate by by-laws the manner in which its stock shall be transferred, as well as in the express power contained in the articles of association, that the directors may, if they so determine, prohibit by by-laws the transfer of stock owned by any stockholder who may be liable to the association, either as principal debtor, or otherwise, without the consent of the board; and many other decided cases proceed upon the same ground, but it is not necessary in this case to assume the burden of the first branch of the proposition, as the by-law conforms to the articles of association, and it is clear that the provision in the articles of association, under which the by-law was framed, is fully warranted by the act of congress, providing for a national currency. Lockwood v. Mechanics' Nat. Bank, 9 R. I. 308; Waln v. Bank of North America, 8 Serg. & R. 86; McDowell v. Bank of Wilmington, 1 Har. (Del.) 27; Stebbins v. Phenix Fire Ins. Co., 3 Paige, 350.

Somewhat different views were entertained by the court of appeals of New York in the case of Bank of Attica v. Manufacturers' & Traders' Bank, 20 N. Y. 504, which is much relied on by the plaintiffs. Stockholders of banks, formed under the general banking act of that state, were, it appears, at that time vested with the unconditional right of transferring their stock, except as they might agree to limit it by their articles of association. Such transfers were required by the articles of association to be made upon the books of the bank; and the provision was, that "every transfer shall be made and taken, expressly subject to all the conditions and stipulations contained in those articles. Suitable books for the registry and transfer of the shares of the association, were required to be kept by the directors, and they were empowered "to make such by-laws and regulations for the government of themselves, their officers and agents, and for the management of the business of the association, as they may deem expedient and proper, not inconsistent with law, or these articles of association," but the articles did not in terms give the direction and power to provide that the stock should be subject to the lien of the corporation for the indebtedness of the stockholders, and the court held that the articles of association did not authorize the directors to adopt a by-law, making provision for such a lien, and that a purchaser of the stock, notwithstanding the directors had adopted such a by-law, had an equitable lien to the stock, free from any lien in favor of the bank. Whether the rule adopted in that case is correct or incorrect, the case before the court is wholly unaffected by that decision. as the power, under which the directors in this case adopted the by-law in question, is contained in the articles of association, and was incorporated into those articles of association, in pursuance of an express provision contained in

section 5 of the act of congress, to provide for a national currency.

Express authority to restrain the transfer of the shares by the shareholders was entirely wanting in the articles of association in that case, and the justification of the act of refusal to recognize the same rested entirely upon a by-law adopted by the directors, which provided that no transfers of stock could be made unless the person making the same shall previously discharge all debts or demands due or contracted by him or her to the bank. Strictly confined as the opinion is in that case to the question before the court, still it is manifest that the court felt obliged to concede that the section of the banking act which provides that the shares should be transferable upon the books of the bank in such manner as might be agreed upon in the articles of association, would allow such a restraint to be inserted in those articles, but they held that the directors could not make such a by-law in a case where the articles of association conferred no such authority. Much weight is certainly due to that distinction, as the articles of association must receive the assent of all the primary stockholders, and are within the knowledge of every purchaser of the stock; but it is not necessary to decide in this case whether the directors could properly adopt such a by-law or not, in a case where they are not authorized so to do by the articles of association. They were authorized by the articles of association in this case to adopt the by-law in question, and it is expressly admitted in the case of Rosenback v. Salt Springs Nat. Bank, 53 Barb. 505, that where the articles of association confer the power to make such a by-law, that the by-law is valid, and that it binds the subsequent purchaser of the stock, and the court is not referred to any decision where a contrary doctrine is mentioned. Comment upon the provisions of the prior act of congress is unnecessary, as that is repealed, and the case before the court is governed entirely by the act now in force. 12 Stat. 665; 13 Stat. 118. Banking associations, formed under the act of congress, are forbidden by section 35 of the act to make any loan or discount on the security of the shares of its own capital stock, or to be the purchaser or holder of any such shares, unless such security or purchase shall be necessary to prevent loss, upon a debt previously contracted in good faith. 13 Stat. 110.

Just such a provision is contained in the banking law of the state of Connecticut, where it is enacted that no bank shall make any loan or discount on pledges of its own stock, and the supreme court of that state held that that enactment did not invalidate a provision in the certificates that the stock of the shareholders should be subject to their indebtedness to the incorporation, that a loan or discount on a pledge of stock is an expression of mercantile origin, and is un-

derstood to mean a loan or discount, where the stock of the person for whose benefit the loan or discount is made, or that of another is expressly and specifically pledged at the time for its payment. Vansands v. Middlesex Co. Bank, 26 Conn. 144. Such a provision, forbidding loans on such security, is not inconsistent with the power conferred in the articles of association, as was held by the supreme court of Ohio in the case of Conant v. Seneca Co. Bank, 1 Ohio St. 298, to which particular reference is made, as showing the reasons upon which the conclusions rest. In re Bigelow [Case No. 1,395]; Ex parte Plant, 4 Deac. & C. 160. Congress undoubtedly intended in repealing the provision in section 36 of the former act, that no shareholder in any association under the act should have power to sell or transfer any shares held by him, in his own right, so long as he should, either as principal debtor, surety, or otherwise, be liable to the association for any debt which should have become due, and remained unpaid, etc., to relieve the holders of bank shares from the restrictions imposed by that section, and in a case where the articles of association did not contain any provision authorizing the directors to adopt a by-law providing for such restraint in the sale and transfer of shares, the supreme court held, that loans made by national banks do not give a lien to the bank on the stock of such stockholders, but the articles of association in the case at bar do confer that authority upon the directors, and the directors, having exercised that power under the authority conferred in the articles of association, and adopted the by-law in question, the same is clearly valid, and furnishes a complete justification to the defendants for their refusal to record the transfer of the stock, as demanded by the plaintiff. Bank v. Lanier, 11 Wall. [78 U. S.] 374.

Prior to the repeal of the antecedent act, the directors in that case had adopted a by-law providing for such a restraint in the sale and transfer of the stock owned by a delinquent stockholder; but the supreme court held that the repeal of the prior act, inasmuch as it removed the restriction, left the by-law without any foundation, and the by-law, which provided for the same restriction, also fell with the repeal of the act on which it rested.

Well-founded doubt as to the correctness of that decision cannot be entertained, as the by-law was adopted under the act of congress, which was repealed, and not under the articles of association, which did not confer any power upon the directors to adopt any such restriction. But the facts in the case at bar are entirely different, as the articles of association in this case expressly provide that by-laws may be adopted which shall "prohibit, if the directors shall so determine, the transfer of stock owned by any stockholder who may be liable to the asso-

ciation, either as principal debtor or otherwise, without the consent of the board." Opposed to this conclusion, it may be suggested that the shares of a stockholder are evidenced by certificates; that such certificates are sometimes used as collaterals, and that they are bought and sold in the market, and that a person purchasing without due inquiry may suffer loss. But if that suggestion is made, there are two answers to it, either of which is decisive:—

That such certificates are not negotiable instruments. Such a certificate does not partake of the character of a negotiable instrument; and the bona fide assignee of the same, with power to transfer the stock, takes the certificates as a contract, subject only to the equities which existed against his assignor. Mechanics' Bank v. New York & N. H. R. Co., 3 Kern. [13 N. Y.] 623; Bank v. Lanier, 11 Wall. [78 U. S.] 377; Bank of Georgetown v. Laird, 2 Wheat. [15 U. S.] 393; Stebbins v. Phenix Fire Ins. Co., 3 Paige, 350.

That a purchaser cannot acquire any greater rights than his grantor possessed, as all persons dealing in the stock of a bank are bound to take notice of the charter, or articles of association, which is a proposition too generally admitted to require argument in its support.

Seven only of the eight directors were present at the meeting when the by-law in question was adopted, and it is objected by the plaintiffs that the by-law is inoperative on that account; but the response made by the defendants to that objection is so full and decisive that it does not seem to be necessary to enter into that inquiry. Most of the authorities upon the subject are referred to in the supplemental argument by the defendants, and they show, in the judgment of the court, that the objection, as applied to the facts of the case at bar, is not well founded.

Judgment for the defendants, with costs.