## Case No. 10,918.

PENDERGAST v. BANK OF STOCKTON.

[2 Sawy. 108; [1] 4 Am. Law T. Rep. U. S. Cts. 247; 6 Am. Law Rec. 574.]

Circuit Court, D. California. Nov. 4, 1871.

TRANSFER OF STOCK LIMITED BY BY-LAWS.

A corporation, organized under a statute which authorizes it to make by-laws for "the management of its property, the regulation of its affairs," and "the transfer of its stock," and, further provides, that the stock of the company "shall be transferable in such manner as shall be prescribed by the by-laws of the company," has power to make a by-law, providing that no transfer of stock shall be made upon the books of the corporation, until after the payment of all indebtedness to the corporation due from the person in whose name the stock stands on its books.

[This was a bill in equity by C. C. Pendergast against the Bank of Stockton to compel the transfer of certain stock.]

SAWYER, Circuit Judge. The object of the bill in this case, is, in part, to compel the defendant, a banking corporation, to transfer to complainant on its books, one hundred

_____

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

shares of its stock. The bill alleges, that one Howard was the owner of two certificates of stock of the Bank of Stockton, each stating that the said Howard is the owner of fifty shares of the capital stock of the said bank transferable only upon the books of said bank, personally, or by attorney, upon the surrender of the respective certificates; that said Howard delivered said two certificates of stock to said complainant, after having indorsed upon said respective certificates, an instrument in writing, whereby the said Howard sold, transferred and assigned, the said shares of stock in said respective certificates specified, to complainant, and duly authorized said complainant to make the necessary transfer of said shares of stock upon the books of said defendant; that said complainant afterward presented the said certificates of stock, together with the said assignment and authority to transfer indorsed thereon, at the same time offering to surrender the same to said defendant, and requested said defendant to transfer the said stock upon its books in pursuance of said authority; and that said defendant refused so to do.

After a general denial of the allegations of the bill, the defendant for a further answer alleges, that before and at the time of the said transfer of stock from said Howard to complainant, the said Howard was indebted to the defendant for money, before that time loaned to him, in the sum of five thousand dollars, which sum still remains due and unpaid; that before said assignment, the defendant had established and adopted among others, the following by-law, to-wit: "No transfer of stock shall be made upon the books of the bank, until after the payment of all calls and assessments, made or imposed thereon, and of all indebtedness due to the bank by the person in whose name the stock stands on the books of the bank, except with the consent, in writing, of the president;" that the president of said bank had never consented in any manner to the transfer of said stock; that said by-law had been adopted, and was in full force at the time of the issue of said stock and of all the stock issued by said bank; and that said stock was issued to, and held by, said Howard subject to the said provisions of said by-law, of all which said complainant had due notice.

The complainant excepts to the sufficiency of this special answer, the ground of the exception relied on being, that the said corporation had no power to make the said by-law, forbidding a transfer of stock until all indebtedness of the holder to the bank is paid, and this is the question to be now determined.

The defendant's counsel refer to the act of April 14, 1853: "To provide for the formation of corporations for certain purposes," as the act under which the Bank of Stockton is incorporated, St. 1853, p. 87. The fourth

section of this act provides, that the corporations formed under it, shall have power, among other things, "to make by-laws not inconsistent with the laws of this state, for the organization of the company, the management of its property, the regulation of its affairs, the transfer of its stock, and for carrying on all kinds of business within the objects and purposes of the company." Id. 87, 88, § 4, subd. 6.

The ninth section provides, that, "the stock of the company shall be deemed personal estate, and shall be transferable in such manner as shall be prescribed by the by-laws of the company, but no transfer shall be valid, except between the parties thereto, until the same shall have been so entered on the books of the company, as to show the names of the parties by and to whom transferred, the number and designation of the shares, and the date of the transfer." Id. 88, § 9.

These are the only provisions of the statute called to my attention, that affect the question; for, under the first and twenty-seventh sections of the act, the provisions of the act of May 22, 1850, have no application. Larrabee v. Baldwin, 35 Cal. 173. It is insisted by complainant that the stock of the company is personal property, held by the stockholder in which the corporation has no interest, legal or equitable, and over which it has no power other than that expressly conferred by the statute, or, such as is necessarily inferred from powers expressly granted; and that no power is found in the act authorizing the corporation to make a by-law, which shall affect the absolute right of the shareholder to have his stock transferred; that the provisions of the statute referred to only authorize the corporation to prescribe the manner in which the act of transfer shall be performed on the books, and does not reach the right of the holder to have a transfer made at his option, or, the conditions upon which it shall be made, or withheld.

Bank of Attica v. Manufacturers' Bank, 20 N. Y. 501, is relied on as the strongest case in support of this view. In that case, the corporation adopted a by-law, that "no transfer of shares of stock can be made, unless the person making the same shall previously discharge all debts and demands due, or contracted by him, or her, to the bank, unless by consent of the board." The court of appeals held that the corporation had no power to make this by-law. But upon what ground? It will be seen by a critical examination of the case, that the decision was put upon the ground that the general banking law under which the bank was incorporated provided that "the shares shall be transferable on the books of the association in such manner as may be agreed upon in the articles of association," not in such manner as should be prescribed by by-laws. The court say, "The manner of the transfer, including, according to this assumption, any qualification or restraint which it may be thought ex-

pedient to attach to the right of transfer, is to be such as may be agreed upon—not by a by-law, or by any act of the directors—but in the articles of association." "It was not necessary to insert negative words to exclude any other manner of performing the same thing; for, by the most common rules of construction, where a matter is authorized to be done in a particular way, every other different method of doing it is excluded. And the difference between a restraint upon alienating the shares in these associations, contained in the articles, which must receive the assent of all the primary shareholders, and by which all persons holding derivative interests must be bound, and a like restraint imposed by the agents of the association in the form of a by-law, which may, or may not, come to the knowledge of the shareholders, and which, if known, may be disapproved of by them, is very marked. A person may generally agree by express contract to any qualification of his rights of property, not repugnant to the rules of law; but if another person undertakes to attach such qualifications in his behalf, he must show his authority for the act. I am unable to find any authority for the directors in these associations to insert such a provision in a by-law.

The by-law was held void, because the statute provided that the manner must be regulated in the articles of association, which must be subscribed by all the original corporators as a fundamental condition of the association, and, this excluded the right of the directors, who are usually but a small portion of the parties interested, and who are mere agents, from doing it by by-law.

The statute declared that one body of men, the parties ultimately interested, themselves, should make the regulation in the articles of association, while another body who were mere agents, not expressly authorized, assumed to do it, by a by-law.

The bank, in that case, was incorporated under the act of 1838, and the exact language of the act, is: "The shares of said association shall be deemed personal property, and, shall be transferable on the books of the association in such manner as may be agreed on in the articles of association." St. N. Y. 1838, p. 249, § 19.

Now this language is, substantially, identical with the language of the statute of California under consideration, except that, in New York, the power is to be exercised by the subscribers themselves in the articles of association, while in California the power is to be exercised through the medium of a by-law passed by the corporation.

The corporation has power "to make by-laws for * * * the transfer of its stock" (St. 1853, pp. 87, 88, § 4), and "the stock of the company shall be deemed personal property, and shall be transferable in such manner as shall be prescribed by the by-laws of the company; but, no transfer shall be valid

except between the parties thereto until the same shall have been so entered on the books of the company," etc. (Id. § 9).

The language in other respects than providing by whom, and where, this regulation shall be prescribed being substantially identical, it follows, that, if under the New York act it was competent to make the restriction in the "articles of association," under the California act, the same language must confer a similar power to make the same restriction by a by-law of the corporation.

The case cited for the purposes of the decision admits the validity of the restriction if inserted in the articles of association. It is therefore no authority, for the position taken by complainant's counsel; but, on the contrary, so far as it has any significance it recognizes the other view.

In the subsequent case of Leggett v. Bank of Sing Sing, 24 N. Y. 283, where the restriction upon the transfer of stock until the payment of "all debts due by him or her, to said association," was in the articles of association—the proper place for it under the act, as was held in the previous case—the referee held that an outstanding note of the shareholder, which had not yet matured, was not a debt due at the time of the demand for a transfer, and, consequently, that the assignee was entitled to a transfer, and rendered judgment against defendant on that ground. But the court of appeals held, that it was a debt due within the meaning of the restriction in the articles of association, and reversed the judgment, thus recognizing the validity of the restriction when found in the articles of association under the language used in the statute of New York. McCready v. Rumsey, 6 Duer, 574, is to the same effect. These cases, therefore, are authorities in favor of the validity of the by-law under the statute of California, which uses the same language as the statute of New York, except that it locates the power granted in similar terms in a different body, to be exercised in a different form.

In a recent similar case,—Knight v. Old National Bank [Case No. 7,885],—decided in the United States circuit court, for the district of Rhode Island, by Mr. Justice Clifford, the same question arose under the act of congress, authorizing the establishment of national banks.

The fifth section of the act provides, that any number of persons not less than five, may, "enter into articles of association which shall specify in general terms the object for which the association is formed, and may contain any other provisions, not inconsistent with the provisions of this act, which the association may see fit to adopt for the regulation of the business of the association, and the conduct of its affairs," etc. 13 Stat. 100, 101, § 5. And the eighth section provides, that, "its board of directors shall, also, have power to define and regulate by by-laws, not inconsistent with the provisions of this act, the

manner in which its stock shall be transferred," etc. Id. 101, 102, § 8.

In the "articles of association," it was provided "that the directors shall have power to make all by-laws, that it may be proper and convenient for them to make under said act, for the general regulation of the business of the association, and the entire management and administration of its affairs, which by-laws may prohibit, if the directors so determine, the transfer of stock owned by the stockholders, who may be liable to the association either as principal debtor or otherwise, without the consent of the board. Knight v. Old National Bank [supra].

Mr. Justice Clifford says that the supreme court of Rhode Island held the justification of the corporation in refusing to recognize and record the transfer of stock to be found "as well in the power granted to the corporation to define and regulate by by-laws the manner in which stock shall be transferred, as in the express power contained in the articles of association, that the directors, if they so determine, may prohibit by by-laws "the transfer of stock owned by any stockholder, who may be liable to the association, either as principal debtor or otherwise, without the consent of the board," and he adds, "many other decided cases proceed upon the same ground." Knight v. Old National Bank. He cites Lockwood v. The Banks, 9 R. I. 305,—a volume to which I have no access.

The decision of the supreme court of Rhode Island, then, as thus stated, is also, directly in point, for the language of the act of congress is substantially the same as that of the statute of California. It authorizes the directors "to define and regulate by by-laws * * * the manner in which stock shall be transferred." Mr. Justice Clifford, however, says "it is not necessary in this case to assume the burden of the first branch of the proposition, as the by-law conforms to the articles of association, and it is clear, that the provisions in the articles of association under which the by-law was framed, is fully warranted by an act of congress, providing for a national currency." Knight v. Old National Bank.

The learned judge nowhere intimates, that the first branch of the proposition is untenable, but, on the contrary, so far as there is any intimation at all in the opinion, it appears to me, to be the other way. He, however, prefers to rest the decision upon the other ground, leaving the first undecided.

What, then, is the language of the act of congress by which the provision in the articles of association under which the by-law is formed, is clearly, "fully warranted?"

It is the language found in the fifth section, before cited, which authorizes the articles to "contain any other provisions not inconsistent with the provisions of this act, which the association may see fit to adopt for the regulation of the business of the association, and the conduct of its affairs."

But the statute of California also contains similar language, for it authorizes the corporation "to make by-laws not inconsistent with the laws of this state for * * * the management of its property, the regulation of its affairs, the transfer of its stock, and for the carrying on all kinds of business within the objects and purposes of the company." Section 4.

The act of congress locates the power in the parties associating themselves together, who are to manifest their will primarily in the articles of association, while the statute of California locates it in the corporation, to be exercised primarily and directly, by the adoption of by-laws. But, if the words "regulation of the business of the association and conduct of its affairs," cover the power in the act of congress, as Mr. Justice Clifford says, it clearly does, then, the words "the regulation of its affairs" in the statute of California must cover it, and the by-law of the defendant is valid on that ground also. In Bank of Attica v. Manufacturers' Bank, 20 N. Y. 506, the court appears to be of opinion that a power to make by-laws for the "management of the business of the association," is not broad enough to include a by-law like the one now under consideration. It is said by the court that the transfer of stock does not pertain to the business of the corporation, but to that of the individual stockholder. These words, or words of similar import, can be no more comprehensive or potent in a statute, I apprehend, than in articles of association. Mr. Justice Clifford, therefore, must have taken a different view on this point from that expressed in the opinion of the court of appeals. It is, however, a legitimate part of the regulation of the business and conduct of the affairs of a corporation to secure its dues from all parties dealing with it, whether share-holders or strangers, and a by-law substantially requiring that the stock held by a share-holder should be regarded as security for any indebtedness to the corporation, which he may incur, may in that sense be regarded as coming within the provisions for the regulation of its business. The stockholder who becomes indebted, with a knowledge of this regulation, may be deemed to assent to it, as a condition upon which his liability is allowed to accrue, and he can have no just ground of complaint. Under these authorities, the validity of this statute may be justified upon both these grounds.

As for myself, if statutory authority is required for anything contained in the articles of association signed by the parties to the association, I should find no less difficulty in resting the decision upon that branch of the proposition adopted by Mr. Justice Clifford, than on the first, which he declined to decide. On the latter ground I find no conflict in the authority so far as any opinion has been expressed or intimated. In Weston v. Bear River & A. Water & Mining Co., 5 Cal. 189, and in People v. Crockett, 9 Cal. 115, language similar to that now under consideration, in the act of 1850 (St. 1850, p. 347, § 1), and in the act for incorporating railroad companies (St. 1853, p. 104, § 14), was regarded by the supreme court of the state as authorizing the corporation to make by-laws forbidding the transfer of stock, till all the indebtedness of the owner to the corporation should be liquidated. It is true, the point was not, necessarily, involved in these cases, but it is clear, that the court took this view of the statute.

Upon the whole, after a careful consideration of the statute and the authorities, I am of opinion, that the provision of the fourth section, authorizing the corporation, "to make by-laws for the management of its property, the regulation of its affairs and the transfer of its stock," and, of the ninth section that "the stock of the company * * * shall be transferable in such manner as shall be prescribed by the by-laws of the company," etc., authorized the corporation to adopt the by-law in question, and that the by-law is valid.

It will be unnecessary, therefore, to determine, whether there is any distinction between the cases of modern corporations, and the corporation whose stock was involved in Child v. Hudson's Bay Co., 2 P. Wm. 207, as to where the title of the stock is vested, or if there is any such distinction, whether it affects the question in hand; or whether the case of McDowell v. Bank of Wilmington, 1 Har. (Del.) 27, and other cases cited, inconsiderately follow the dictum, as it is claimed to be, in that case. I rest the decision upon the statutes, and other modern decisions, arising under similar language in other statutes.

In the case of Vansands v. Middlesex Co. Bank, 26 Conn. 144, the certificate of stock stated upon its face, that it was transferable at said bank, subject, nevertheless, to his indebtedness and liability at the bank according to the charter and by-laws of the said bank. But, neither the charter nor by-laws, say anything about the liability of stockholders. The charter, however, "authorized the stockholders to establish by-laws and regulations for the well-ordering of the concerns of the bank, and make the stock transferable according to its rules." The court held that, although no by-law had been adopted upon the subject, the condition being in the certificate of stock, it must be considered, that the stock was issued and received upon this condition, and that it, therefore, constituted one of the terms of the contract upon which the stock was acquired, and that it was a valid restriction upon that ground. This form of certificate had been adopted in practice at the organization of the bank some fifteen years before, and used ever since. In the case now under consideration, the answer substantially alleges that the by-law was adopted, and in force, not only before this particular stock was issued, but before any of the stock of the company was issued, and that all of said stock was

issued subject to said by-law, of all which the complainant had notice.

Under this authority it would seem, that if all the stock of the company was issued after the passage of the by-law, and so issued and received subject to the provisions of said by-law, with the knowledge of those receiving it, the restriction would be binding as being one of the terms of the contract under which it was issued and accepted. But, as I think the by-law valid under the statute, it is unnecessary to determine the effect of its issue under such circumstances irrespective of the powers conferred by the statute.

Let the exceptions be overruled at complainant's costs.