## THE PEOPLE v. JOHN GALVIN.

It is no error for the Court in a criminal case to set a day for pronouncing sentence, in the absence of the prisoner. It is only requisite that he should be present when the sentence is pronounced.

The reading of the statute law and decisions of the Supreme Court to the jury, without exceptions taken, is no ground of error.

APPEAL from the District Court of the Tenth Judicial District, County of Yuba.

The facts of this case appear in the opinion of the Court.

*Rowe & Mott* for Appellant.

The Court erred in reading the law to the jury.

The statute contemplates that all the Court says to the jury shall be in writing, so that there may be no mistake as to what is said.   Laws of 1855, 275 ; Wood's Dig., 298, § 1622.

The Court erred in changing the time for pronouncing sentence when the defendant was not in Court.

*Thomas H. Williams, Attorney-General,* for the People.

The object of the Legislature in requiring the instructions of the Court to be in writing, was simply to have a record of the same. The statute is as well complied with by printed as by written instructions, and as to whether the printed matter is in a book or upon a loose piece of paper is certainly immaterial, the end being the same. In either case the law is complied with.

As to construction of statutes, see 3 Cowen, 96.

BURNETT, J., delivered the opinion of the Court—TERRY, C. J., concurring.

This was an indictment, trial, and conviction for murder in the first degree. Upon the trial, the defendant moved for a continuance, upon affidavit containing the names of the absent witnesses and the facts expected to be proved by them. The Court refused the continuance, but permitted the defendant's counsel to read the affidavit in evidence to the jury. Several errors have been assigned by the counsel of defendant.

The main point made by the counsel of defendant is, that "the Court stated to counsel for the defendant, and in presence of the jury, that, if the witnesses named in the affidavit of the defendant were present, and deposed to the statements therein contained, it would be no legal defence; that it would only amount to a plea of insanity; and that the statute provided specially for such cases when the act was committed by persons of unsound mind."

It is unnecessary for us to determine whether such a remark by the Court to the counsel, in the presence of the jury, be erroneous or not, as no exception was taken to it at the time, and the instructions afterwards given to the jury are not contained in the record. We are bound to presume that the error, if any, was cured by the instructions afterwards given by the Court. It is stated in the record that all the written instructions asked by the prosecution and by the defendant's counsel were given by the Court.

It is also objected that the Court, of its own motion, read certain sections of the statute, and a portion of the decision of this Court in the case of Moore, to the jury, as instructions, without exception or objection on the part of the defendant's counsel. We can see no ground of error in this.

The defendant's counsel further object, that the Court below set the day for pronouncing the sentence when the defendant was not in Court. This, we think, was not error. It was only necessary for the defendant to be personally present when judg-

ment was pronounced; not when the day was appointed for pronouncing it.   (Wood's D., 305.)

We can see no error in the record, and the judgment of the District Court is therefore affirmed.