## LOGAN L. STUBBS *v.* THE STATE.

1. RECORDS—TRIAL IN CRIMINAL CASES.—The verdict in criminal cases must be delivered in open court, and in the presence of the accused, and this rule is founded on two reasons: 1st. The right of the accused to be present, and to see that the verdict is santioned by all the jurors. 2d. In order that the accused, if convicted, may be under the power of the court, and subject to its judgment.

2. RIGHT OF DEFENDANT TO BE PRESENT.—The right of the defendant to be present, proceeds upon the presumption, that he is in custody, and has no power to be present, unless ordered by the court, to be brought into court. Where the defendant is under recognizance, he may waive his right to be present; his own illegal act should not be permitted to thwart the process of the law to his advantage. Price's case, 36 Miss., 531.

3. RECORD—WHAT IT MUST SHOW.—The record must show affirmatively those indispensable facts, without which the judgment would be void. Such as the organization of the court; its jurisdiction of the subject matter, and of the parties; that a case was made up for trial; that it was submitted to a jury sworn to try it; that a verdict was rendered, and judgment awarded; and out of abundant tenderness for the right secured to the accused by our constitution, to be confronted by the witnesses against him, and to be heard by himself or counsel. Our court say, that it must be shown by the record that the accused was present in court pending the trial. Nothing can be presumed for or against a record, except what appears substantially upon its face. Wolfe & George v. Martin, 1 How., 30.

Error to the circuit court of Copiah county. Hon. URIAH MILLSAPS, Judge.

The opinion of the court contains a sufficient statement of the case.

The following are the assignments of error, to-wit:

1. the court erred in refusing to continue the cause upon the application of plaintiff in error.

2. The court erred in excluding the juror, ——, from the jury box, because he was not a householder or freeholder.

3. The court erred in permitting the trial to progress in the absence of the plaintiff in error.

4. The record does not show that the plaintiff in error was present in court when the jury returned their verdict.

5. The record does not show that the plaintiff in error was present in court at the time of the hearing of his motion for a new trial.

6. The court erred in giving the instructions asked by the State.

7. The court erred in overruling plaintiff's motion for a new trial.

*Tim E. Cooper*, for plaintiff in error:

Although there are several errors assigned in this cause, I deem it necessary only to call the attention of the court to the manifest error, that the record does *not* show that on the trial of the cause in the court below, the defendant was present during the whole trial.

By the provisions of section 7, of article 1, of the constitution, the accused, in all criminal trials, has the right to be confronted by the witnesses against him. Judge Cooley, in his work on constitutional limitations, thus lays down the doctrine :

" In cases of felony, when the prisoner's life or liberty is in peril, he has the right to be present, and must be present, during the *whole* of the trial, and *until final judgment.* If he be absent, either in prison or by escape, there is a want of jurisdiction over the person, and the court cannot proceed with the trial, or receive the verdict, or pronounce the final judgment." Cooley on Constitutional Limitations, page 318 (319 side page). Besides, the point has been so often adjudicated by the supreme court of this State, that it is now not open for argument.

In Scaggs against the State, 8 S. & M., 722, Mr. Justice Thatcher, in delivering the opinion of the court, not only decides, very distinctly, the negative of the proposition made by the Attorney General in his brief in this case, viz.: That the presence of the accused may be inferred. " It must appear in this class of cases that the accused was present *during* his trial, or it will be error. The presence of the prisoner cannot be inferred, but must appear affirmatively." Page 725.

In Dyson v. the State, 25 Miss., 363, the same principle is distinctly laid down. On page 383 the following words are

used by Mr. Justice Handy: "It is undoubtedly true that the record must affirmatively show those indispensable facts without which the judgment would be void. Such as the organization of the court; its jurisdiction of the subject-matter and of the parties; that a cause was made up for trial; that it was submitted to a jury sworn to try it; that a verdict was rendered and judgment awarded. Out of abundant tenderness for the right secured to the accused by our constitution, to be confronted by the witnesses against him, and to be heard by himself or counsel, our court has gone a step farther, and held that it must be shown by the record that the accused was present in court pending the trial. This is upon the ground of the peculiar sacredness of this high constitutional right. *It is* also true, as has been held by this court, that nothing can be presumed for or against a record, except what appears substantially upon its face." See, also, Gaiter v. The State, 45 Miss., 441.

Upon an examination of the record in this cause, it will be seen that the record fails to show that the accused was in court either when the verdict of the jury was rendered or when the motion for a new trial was made and decided. Nor does it sufficiently appear that the accused was present when the evidence was submitted to the jury. It is true that the motion for a new trial begins in the formal manner, "The defendant moves, etc.," but as the record shows the motion was made by counsel, and not by accused, nothing can be presumed in support of the record. 1 How., 30.

For this error, I confidently submit that the judgment ought to be reversed and a new trial granted.

*G. E. Harris*, Attorney General, for the State:

But one important question is raised in this case. The record, it is claimed, fails to show that the defendant was present when the verdict was rendered and when the motion for a new trial was overruled. These objections were not made in the court below, either by exceptions taken at the time, nor by a motion for a new trial, nor by a motion in ar-

rest of judgment, nor in any other way.   During the progress of the circuit court, and at the same term, had objections been raised, these entries would have been cor‑ rected according to the facts, and evidence could have been introduced, if necessary, to show what these facts were. See Price v. The State, 7 Geo., 537, and following, where this exact thing was done on a motion in arrest of judgment in a case like the present.   Now, many months after the court has adjourned, and after he has prepared his own record and filed it here, to suit himself, he drops his original causes for a new trial, and makes this entirely new assignment of error. The State is now powerless to make the correction which would have been made in a moment, according to the true facts of the case, had this objection been urged at any time in the court below.

The following are about all the cases decided in this State where this point was raised, and it is to be observed that the error complained of is not alone that the record does not show that the accused was present, but that he actually was not in court at some important vital point in the trial, and there is not an instance in which the point was made in the appellate court for the first time in the progress of the case.   State v. Dyson, 4 Cushman, 362 ; State v. Scraggs, 8 S. & M., 722 ; Price's case, 7 Geo., 531 ; State v. Gaiter, 45 Miss., 441.   Motions are no part of the record unless made so by bill of exceptions.

It may be urged, however, as this right is secured by the constitution to all prisoners, and is a part of the record, that it cannot be waived by any neglect of defendant to take advantage of it in the court below.   I reply, the right to know the kind of accusation against him, and the return of the sheriff, that he has served a copy of the indictment, and a copy of the *venire*, are parts of the record, yet he waives all objections in this respect if he goes to trial without objection.   Durrah v.   The State, 44 Miss., 789.   See, also, Code 1871, § 2884.

I further contend that it does sufficient appear from the

record as it now stands, that the prisoner was present when the verdict was rendered and a motion for a new trial was overruled. The court will observe that the motion for a new trial was made by defendant in person, on the 18th day of the term, and was overruled the same day. This motion as is usual and proper, is incorporated in the order overruling the motion and entered on the minutes of the court, so that the whole of this order overruling the motion for a new trial, being read together, shows conclusively that the prisoner was present when the motion was overruled. The court will further observe that this motion was overruled on the last day of the term of the Copiah court, so the sentence was passed the *same day.* By reference to record, it will be seen that the accused was in open court, and was asked why sentence should not be pronounced against him, etc., the prisoner being present.

As to the verdict, the record shows that the defendant was present at the opening of the trial, when the jury was impanneled, etc., and there is no entry on the record that he ever after left the court room, until after the verdict was rendered. See Price's Case, 7 Geo., 781. It will not *be presumed* that he left. No presumption can be made against the record and jurisdiction of the court. See Code, 1871.

TARBELL, J., delivered the opinion of the court:

The plaintiff in error was indicted, tried and convicted of the crime of murder. The only point made here, is, that the record does not show, affirmatively, the presence of the accused, throughout the trial, and particularly, that it does not show his presence when the verdict of the jury was returned, nor when the motion for a new trial was made, and overruled.

The record states the presence, distinctly, of the accused, on each day of the trial, down to the 19th day of October, 1872, the twelfth day of the term, at which the trial was had, on which last day the entry is this: "Saturday morning, eight o'clock, October 19th, 1872, court met pursuant to the

adjournment of yesterday; present, the same as yesterday, the Hon. Uriah Millsaps presiding."

The entry on the 18th, or the day previous to the foregoing, was as follows: "This day comes the district attorney, who prosecutes on behalf of the State of Mississippi. And the said defendant being brought into open court and placed at the bar thereof, and also appearing by his counsel."

One question is, whether the entry of the 19th, to-wit: "Present the same as yesterday," is an affimative statement of the presence of the accused. Can *his* presence be *inferred*, even from that entry? Does the entry import more than the presence of the court, and the usual official? As to the motion for a new trial, the record says: "And afterwards, to-wit: On the 26th day of October, 1872, being the 18th day of the term the following proceedings and orders were had and entered on the minutes of said court, to-wit:" Then follows the motion, beginning with the title of the cause, and proceeding thus: "The *defendant* moves the court for a new trial," on the following grounds, which are given and signed by counsel. This motion was overruled, and then, on the same day, follows this entry: (Title of the cause.) "This day comes the district attorney, who prosecutes on behalf of the State of Mississippi. And the said defendant being brought into open court, placed at the bar thereof, and caused to stand up," etc., when sentence was pronounced.

Does the record show, affirmatively, or even inferentially, the presence of the accused, pending the motion for a new trial? Is his presence necessary on a motion between verdict and sentence?

The questions raised on the face of the record are certainly very technical, and as the attention of the court below was not called to the points now made, they would not be entertained, except in higher grades of crime. 1 Bish. Cr. Pr., §§ 422–428: ib.. § 638. *et seq.;* ib., § 827? ib., § 829, *et seq.;* Dyson v. The State, 26 Miss., 364; Code, §§ 2799–2805; ib., § 2884; Scaggs v. The State, 8 S. & M., 722.

If evidence was submitted to the jury, on the day the
VOL I—46

verdict was rendered, as the record appears to state, then a constitutional right was denied the accused. Const., art. 1, § 7. On this point the record is indistinct.

Another and material rule is this, that the verdict, in cases of felony, must be delivered in open court, and in the presence of the defendant. 1 Ch. C. L., 636. This rule, say the court, in Price v. The State, 36 Miss., 531, " is founded on two reasons; first, the right of the defendant to be present, and to see that the verdict is sanctioned by all the jurors; and, secondly, in order that the defendant, if convicted, may be under the power of the court, and subject to its judgment. The right of the defendant to be present, proceeds upon the presumption that he is in custody, and has no power to be present, unless ordered by the court to be brought into court. But, under our law, he may waive that right. If he is not in custody, so as to be deprived of the power to attend, it would seem that the reason of the rule as to his right to be present would fail; for he is voluntarily absent when he ought to be present and cannot complain of the consequences of his own voluntary act." The voluntary absence of the defendant in that case, was held to be a waiver of his right to be present, he being under recognizance, and the court said, " his own illegal act should not be permitted to thwart the process of the law to his advantage." He was present at the opening of the trial, and voluntarily absented himself at the rendition of the verdict.

In the case at bar the accused was in custody, and subject to the orders of the court.

Scaggs v. The State, 8 S. & M., 722, is quite analogous to the case under consideration. It was insisted in that case, as in this, that the point made in the appellate court was not raised in the court below. The court say: " The error which first protrudes itself to notice, is the circumstance that it does not appear that the prisoner was present during the whole of the trial of the indictment. The only evidence of his presence at all is contained in a bill of exceptions, where he is stated to have asked some questions of a witness, but

he does not appear to have been confronted by the witnesses
against him, which was his constitutional right.   Const., art.
1, sec. 10.   It must appear in this class of crimes, that the
accused was present during his trial, or it will be error.
The presence of the prisoner cannot be inferred, but must
appear affirmatively, and for all that appears in this record,
the questions directed to the witness by him, might have
been propounded in writing."

The rule declared in Scaggs v. The State, is repeated in
Dyson v. The State, 26 Miss., 383, the court in the latter
case saying, " that the record must affirmatively show those
indispensable facts, without which the judgment would be
void—such as the organization of the court ; its jurisdiction
of the subject-matter, and of the parties ; that a cause was
made up for trial ; that it was submitted to a jury sworn to
try it ; that a verdict was rendered, and judgment awarded."
And it is added, that "Out of abundant tenderness for the right
secured to the accused by our constitution, to be confronted
by the witnesses against him, and to be heard by himself or
counsel, our court has gone a step further, and held that it
must be shown by the record that the accused was present
in court pending the trial."   This, it is further said, is upon
the ground of the peculiar sacredness of this high constitu-
tional right.

In Wolfe & George v. Martin, 1 How., 30, it is declared to
be " an acknowledged principle that nothing can be pre-
sumed for or against a record  except what appears substan-
tially upon its face."

This rule is explained in Dyson v. The State, to have
reference " to those indispensable requisites necessary to
the validity of the record as a judicial proceeding," and that
it has " no application to those incidental matters which
transpire during the progress of the proceeding in court."

As to the necessity of the presence of the accused pend-
ing the trial, see Kelly & Little v. The State, 3 S. & M., 528 ;
12 Wend., 344 ; 7 Cow., 525 ; 13 Gratt, 763 ; 7 Ohio, pt. 1,
180 ; 6 Barr, 584 ; 6 Ired, 164 ; 5 Pike, 431 ; 10 Mod., 248 ; 19

Johns., 39 ; Prim v. Com, 6 Harris, Pa., 103 ; 1 Parker, C.
C., 474 ; Rex v. Harris, 1 Ld. Raym, 267 ; 4 Harris, Pa., 129 ;
31 Me., 592.

The rule that the accused, in cases of felony, must be
present in person pending the trial, and that this must be
affirmatively shown by the record, as we have seen, is not
an open question in this State.   See cases cited, herein.

Running through all the authorities, with regard to this
rule, there is a clear distinction between felonies and mis-
demeanors.   1 Bish. Cr. Pr., § 684, *et seq.;* 25 Vt., 93 ; 19
Ark., 214; Sprague, 227 ; 4 Cal., 238 ; 1 Curtis, C. C., 433 ;
3 S. & M., 518 ; 2 Hilt., 523 ; 16 Vt., 497 ; 2 C. & P., 413 ; 1
Salk., 55 ; 12 Wend., 344 ; 3 Denio, 98 ; 1 Va. Cas. 172 ; 1
Parker, C. C., 360 ; 3 Burr, 1786 ; 4 Harris, Pa., 129 ; 7 Cow.,
525 ; 2 Den., C. C., 459 ; 6 Eng. L. and Eq., 352.

As to the application of the rule to motions between
verdict and sentence, there is some diversity in the adjudi-
cations to the extent, that a simple question of law may be
argued in the absence of the accused, but the better opinion
is, that the rule should be adhered to in felonies from the
arraignment to the final sentence.   1 Bish., Cr. Pr., § 685 ;
14 Ind., 573 ; 1 Ch., Cr. L., 492; 10 Harris, Pa., 94 ; 9 Cal.,
115 ; 1 Bish., Cr. Pr., § 692.

The result in this, as in many similar cases, is of course,
in consequence of the neglect of the clerk, through his
inexperience or other cause.   Hence, a special obligation
devolves on circuit judges and district attorneys to see that
the entries of their proceedings are properly made.   A
careful observance of this duty would leave causes to be
determined upon their merits.   When the life or liberty of
a human being is involved, there are " indispensible
requisites," as stated in Dyson v. The State, which can not
be overlooked by an appellate court.   The observance of
which can not, according to the authorities cited, be inferred
or presumed.   The cost and trouble to the State and to
parties, caused by defective records, is very considerable,
and this expense might, possibly, be not unjustly cast upon

inattentive clerks. If not corrected by these admonitions, legislation may become indispensable.

The judgment in this case will be reversed, but the accused will be detained in custody, subject to the action of the proper court.

Judgment reversed, cause remanded, and a new trial awarded.