361 So.2d 495 (1978)
Jessie E. McMILLIAN
v.
STATE of Mississippi.
No. 50550.
Supreme Court of Mississippi.
August 9, 1978.
Mitchell M. Lundy, Grenada, for appellant.
A.F. Summer, Atty. Gen. by Marvin L. White, Special Asst. Atty. Gen., Jackson, for appellee.
Before ROBERTSON, SUGG and COFER, JJ.
ROBERTSON, Presiding Justice, for the Court:
Jessie E. McMillian was indicted, tried and convicted in the Circuit Court of Grenada County for the murder of James Harvey. *496 The shooting occurred on September 1, 1973, and the trial took place on February 7, 1974. McMillian was sentenced to life imprisonment in the Mississippi State Penitentiary.
In the early evening, September 1, 1973, James Harvey and five of his friends went to Guy Lee's Cafe-Beer Joint south of Gore Springs in Grenada County. While there he got into an argument with Jessie McMillian. The final outcome was that McMillian got his rifle and shot Harvey three times; he died on the spot. The evidence is undisputed that McMillian shot and killed Harvey, at least three eyewitnesses testifying that they witnessed the whole affair.
On February 7, 1974, defendant McMillian and his court-appointed counsel were present in the courtroom, ready for trial. They participated in the voir dire of the jury. After the jury had been impaneled, selected and sworn in, the court recessed about noon for lunch. When court reconvened at 1:00 P.M., the defendant was not present. After attempting to locate the defendant and delaying the trial until 1:35 P.M., the court authorized the issuance of an alias capias for McMillian, and ordered that the trial proceed in his absence. Defense counsel objected, but the court overruled his objection.
McMillian was apprehended in a neighboring county and was returned to the courtroom after the trial had been completed and while the jury was out considering its verdict. McMillian was physically present when the jury returned its verdict of guilty as charged.
After the case had been appealed, court-appointed defense counsel was allowed to withdraw from the case, and the court appointed present defense counsel to represent McMillian on appeal.
Appellant has assigned as error:
1. The trial Court erred in ignoring counsel for the defendant's objection to the defendant being tried in his absence and directing that the defendant be tried in his absence on a murder charge.
2. The trial Court erred in making prejudicial statements concerning the defendant's absence from the courtroom in the hearing and presence of the jury.
3. The trial Court erred in overruling the defendant's Motion for a mistrial and admitting the testimony of Jimmy Pass on rebuttal.
4. The trial Court erred in overruling defendant's Motion for a New Trial.
McMillian was tried on February 7, 1974. In Capler v. State, 268 So.2d 338 (Miss. 1972), the defendant was sentenced to death upon conviction of murder. This Court, in ruling out the death penalty, said:
"We hold that because of the decision in Furman v. Georgia [408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346] the death penalty cannot be inflicted; that the remainder of the statute is valid, and the only other punishment for murder is life imprisonment." 268 So.2d at 339-340.
Mississippi Code Annotated section 97-3-19 (Supp. 1977) defining capital murder (the case at bar does not fit into that definition) and authorizing the imposition of the death penalty for capital murder, was not enacted until April 23, 1974, so on February 7, 1974, the time of the trial, McMillian could not have been sentenced to death and was in no danger of suffering capital punishment.
Mississippi Code Annotated section 99-17-9 (1972), (unchanged since 1857), styled "Trial in the absence of accused", provides:
"In criminal cases the presence of the prisoner may be waived, and the trial progress, at the discretion of the court, in his absence, if he be in custody and consenting thereto. If the defendant, in cases less than felony, be on recognizance or bail or have been arrested and escaped, or have been notified by the proper officer of the pendency of the indictment against him, and resisted or fled, or refused to be taken, or be in any way in default for nonappearance, the trial may progress at the discretion of the court, and judgment final and sentence be awarded as though such defendant were personally present in court."
*497 In Stubbs v. State, 49 Miss. 716 (1874), this Court quoted from Price v. State, 36 Miss. 531 (1858):
"`If he is not in custody, so as to be deprived of the power to attend, it would seem that the reason of the rule as to his right to be present would fail; for he is voluntarily absent when he ought to be present and cannot complain of the consequences of his own voluntary act.' The voluntary absence of the defendant in that case, was held to be a waiver of his right to be present, he being under recognizance, and the court said, `his own illegal act should not be permitted to thwart the process of the law to his advantage.'" 49 Miss. at 722.
While the case at bar turned out to be not a capital case, this Court held in Thomas v. State, 117 Miss. 532, 78 So. 147 (1918), that when the defendant is in custody even in a capital case, by his voluntary absence he may waive his presence at the trial. In Thomas this Court said:
"We think the meaning, purpose, and intent of the statute are plainly expressed by its language, and that it is valid and constitutional. It simply means that in all criminal cases the accused may waive his presence at any stage of the trial, if in custody, and the trial will proceed in his absence, provided he consents thereto; and provided, further, that such proceeding in the absence of the accused meets with the discretionary approval of the court.
.....
"The statute here makes no exception or distinction between felonies and capital cases. In fact, all capital cases are classed as felonies." 117 Miss. at 542, 545, 78 So. at 148, 149.
Thomas was being tried for murder and absented himself for a short time when the jury was being voir dired. The court held that he was in custody at the time. Inasmuch as McMillian was present in court when the trial was begun and the jury examined, selected and sworn in, it is our opinion that he was in custody at the time he voluntarily left and fled and thus escaped. In Thomas, the Court went on to say:
"It will be observed that section 1495, Code 1906 (section 1253, Hemingway's Code), provides that such waiver of his presence by the accused shall be `at the discretion of the court.' This is a sound provision, and is a safeguard against the accused being denied any substantial right at his trial, and its purpose is to protect him, at all events, in securing a fair and impartial trial, in a court presided over by a just and impartial judge. The discretion is given the court to see that the accused obtains a just trial, even though he has waived his right to be present at some stage of it. If it appeared in the lower court, or here on appeal, that the accused did not receive a fair and impartial trial by an impartial jury, a new trial would be granted, even though the failure to secure a fair and impartial trial in the lower court had been on account of waiver of presence by the accused. This safeguard is rightfully reserved in the statute, so that, in the last analysis, the court will see to it that suicide by process of law is prevented, and that no injustice is done the accused on account of his own act of waiver or on account of any wrongful procedure by the trial court." 117 Miss. at 543, 78 So. at 148-49.
We followed this same line of reasoning in Ford v. State, 170 Miss. 459, 155 So. 220 (1934), Hamburg v. State, 203 Miss. 565, 35 So.2d 324 (1948), and Myers v. State, 268 So.2d 353 (Miss. 1972).
McMillian did receive a fair and impartial trial and the trial judge did not abuse his discretion in ordering the trial to proceed in McMillian's absence.
McMillian next complains of alleged prejudicial statements made by the trial judge in the presence of the jury concerning defendant's absence.
The judge's remarks were merely in explanation of McMillian's absence, the steps being taken to return him to the trial, and the necessity for proceeding with the *498 trial, so they were not prejudicial. Moreover, no objection whatsoever was made at the time these remarks were made. There is no merit in this assignment of error.
McMillian next contends that "the trial court erred in overruling the defendant's motion for a mistrial and admitting the testimony of Jimmy Pass on rebuttal." Again, no objection whatsoever was made to Pass's testimony when it was offered; defense counsel vigorously cross-examined Pass; and waited until the state rested before moving for a mistrial on the ground that the defendant was caught by surprise when Pass changed his testimony. This assignment of error is without merit.
The evidence was undisputed that McMillian shot and killed James Harvey. The jury was justified in finding beyond a reasonable doubt that McMillian was guilty of Harvey's murder.
The conviction and sentence are, therefore, affirmed.
AFFIRMED.
PATTERSON, C.J., SMITH, P.J., and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.