PROCEDURAL HISTORY
PAYNE, J.,
for the Court:
¶ 1. Willie Fred Griffin, Jr. was indicted by the Calhoun County Circuit Court for the sale of a Schedule II controlled substance, pursuant to Miss. Code Ann. § 41-29-115(A)(a)(4) (Rev.1993). A jury convicted Griffin of the charge of sale of cocaine and he was sentenced to twenty-five years in the custody of the Mississippi Department of Corrections. Griffin’s motion for a judgment notwithstanding the verdict or in the alternative a new trial was denied. Feeling aggrieved, Griffin has appealed to this Court asking for a reversal of the jury’s verdict.
FACTS
¶ 2. On the day of Griffin’s trial, he was free on bond. Griffin appeared before the court during voir dire and ultimate jury selection. The court took a break for lunch after jury selection. As stated in his brief, Griffin “chose not to return to the trial after lunch.” Before beginning his case, outside the presence of the jury, the defense counsel asked if the court should address Griffin’s absence to the jury. The State opined that if Griffin were to show up after opening statements the jury might not notice that Griffin had not been present. Defense counsel then stated to the court that he would wait about making any comments concerning Griffin’s absence.
¶ 3. The parties made their opening statements, the State presented its witnesses and the defense cross-examined them. The State rested and the jury was excused. The court then discussed with the defense and the State that it had reviewed the case law and determined that Griffin had waived his right to be present during the trial by having been present at the start. The court stated that, as discussed with counsel, it did not make any reference to Griffin’s absence at the beginning of testimony out of fear of prejudicing the jury. The court then asked for any input from counsel concerning the remarks the court would make to the jury. The defense and the State agreed with the court’s proposed remarks, and after bringing the jury back the court made the following statement:
Members of the jury, as you have noted, the defendant, for reasons that should not concern you here, has not been present here during some of this trial; and you should not make any assumptions *293 regarding Ms absence concerning his guilt or innocence.
Griffin now contends that it was reversible error for the trial court to allow the trial to continue to a verdict. He claims he was prejudiced by his voluntary absence because he was not there to testify in his own behalf or to give input to his attorneys as they represented him. The State responds that this same argument could be asserted by any defendant who voluntarily left his trial and, if allowed, would nullify the waiver rule acknowledged in Poe v. State, 739 So.2d 405, 409 (Miss.Ct.App.1999); McKnight v. State, 738 So.2d 312, 314 (Miss.Ct.App.1999); and McMillian v. State, 361 So.2d 495, 497 (Miss.1978).
ANALYSIS OF THE ISSUES PRESENTED
STANDARD OF REVIEW
¶4. Griffin only cites one issue for our review: Whether the defendant’s voluntary absence during part of his trial was sufficiently prejudicial to him so that a new trial is warranted.
¶ 5. As previously stated by this Court: A motion for a new trial implicates the discretion of the trial court and seeks to procure a new trial on the theory that, while there is some evidence in support of the conviction of the accused, the verdict of the jury is against the overwhelming weight of the entire evidence. We, sitting as an appellate court, will not reverse the trial court’s denial of a motion for a new trial unless there has been a manifest abuse of that discretion.
Mitchell v. State, 754 So.2d 519 (¶ 7) (Miss.Ct.App.1999) (citing Quinn v. State, 479 So.2d 706, 709-10 (Miss.1985)).
DISCUSSION OF THE ISSUES
¶ 6. Griffin cites as authority for his position the Mississippi Supreme Court case of Myers v. State, 254 So.2d 891, 892 (Miss.1971). The court held in Myers that the trial court erred in hearing in chambers the defense attorney’s oral motion to withdraw as counsel for the defendant, outside the defendant’s presence. Id. That case is inapplicable to Griffin. In Myers, the defendant was involuntarily excluded from the motion hearing and not given the opportunity to be heard when the defense attorney made serious accusations against him. Id. Griffin voluntarily chose to not attend his own trial.
¶ 7. Griffin also cites Caldwell v. State, 481 So.2d 850, 852 (Miss.1985), in which the court stated that although the defendant’s attorney can normally represent the defendant in any critical stage of the proceedings without the defendant being present, the defendant has to be present in situations where his absence will cause prejudice to him. However, in Caldwell, the court stated that the defendant cites instances where matters were argued by attorneys for both sides outside his presence, but does not cite a single instance in which his presence would have made a difference. Caldwell did not argue that the trial was conducted outside his presence, nor that he was voluntarily absent from the “matters” in question. The court concluded that since Caldwell was adequately represented by defense counsel, and since he did not demonstrate prejudice resulting from his absence, the assertion was without merit. Caldwell, 481 So.2d at 852. Such is the case here. Griffin has not demonstrated prejudice resulting from his absence and does not even argue ineffective assistance of counsel.
¶ 8. The waiver rule is acknowledged in Poe, 739 So.2d at 409 (¶ 16) as follows:
The supreme court has held that when a defendant enters an appearance in a trial court at the commencement of trial, he may be tried in absentia if he there *294 after fails to attend the proceedings. Sandoval v. State, 681 So.2d 159 (Miss.1994) (citing) Crosby v. United States, 506 U.S. 255, 262, 113 S.Ct. 748, 122 L.Ed.2d 25 (1993). See also, Jackson v. State, 689 So.2d 760, 763-68 (Miss.1997); McMillian v. State, 361 So.2d 495, 497 (Miss.1978). As Poe attended the commencement of trial, this issue is without merit.
(emphasis in original.)
¶ 9. This Court acknowledged and discussed the waiver rule in McKnight, 738 So.2d at (¶¶ 5-6), stating:
The defense argues that McKnight had a right to be present at his trial. This right is undeniable. The question is whether or not he, by his truancy on the third day, waived that right. This issue has been addressed in Sandoval v. State, 631 So.2d 159, 161-64 (Miss.1994) and McMillian v. State, 361 So.2d 495, 496-97 (Miss.1978). Both cases interpret Miss.Code Ann. § 99-17-9 (Rev.1994) which provides as follows:

In criminal cases the presence of the prisoner may be waived, and the trial progress, at the discretion of the court, in his absence, if he be in custody and consenting thereto. ...

McKnight argues that he was not in custody, as required by the statute, and therefore the court could not waive his presence. McMillian, 361 So.2d at 497, does not support this contention, holding that a defendant “who was present when trial began and the jury examined, selected and sworn, was found [in] custody at the time he voluntarily left.... ” Also, the court in Sandoval, 631 So.2d at 164, affirmed the decisions of the Mississippi Supreme Court prior to Samuels v. State, 567 So.2d 843 (Miss.1990), on the facts of this case, stating: “that an accused felon present at the commencement of his trial may thereafter waive his appearance by absenting himself from the trial. Under those facts, the trial may be continued in the Court’s discretion.” These decisions, and the above statute upon which they are based, have one common premise: if the defendant voluntarily absents himself from the trial at any point after the trial begins, the trial can go on in his absence. McKnight was present for the first two days of his trial and then disappeared. He thus waived his right to be present for the rest of his trial and justified the court to proceed.
McKnight’s counsel argues that McKnight was prejudiced in his defense, since he was not at the trial on the third day to testify in his own defense and to decide whether or not to call his daughter to testify. This is a specious argument. The record clearly shows that McKnight’s counsel told the trial court that he would advise his client, if he were present, that it would not be in his best interest to put his daughter on the stand. There is no merit in this argument that McKnight was prejudiced and did not receive a fair trial.
(emphasis added.) Griffin did not allege that he would have testified in his own behalf, but that his voluntary absence prevented him from being able to testify, and that he was not able to interact with his lawyers during the course of the trial. He did not, however, allege what input he would have given his attorneys that would have changed the outcome of his trial.
¶ 10. The Mississippi Supreme Court stated in McMillian v. State, 361 So.2d 495, 497 (Miss.1978):
In Stubbs v. State, 49 Miss. 716 (1874), this Court quoted from Price v. State, 36 Miss. 531 (1858):
“ ‘If he is not in custody, so as to be deprived of the power to attend, it would seem that the reason of the rule *295 as to his right to be present would fail; for he is voluntarily absent when he ought to be present and cannot complain of the consequences of his own voluntary act.’ The voluntary absence of the defendant in that case, was held to be a waiver of his right to be present, he being under recognizance, and the court said, ‘his oum illegal act should not be permitted to thwart the process of the law to his advantage.’ ”
49 Miss. at 722....
In Thomas, the Court went on to say:
“It will be observed that section 1495, Code 1906 (section 1253, Hemingway’s Code)[now codified as § 99-17-9 Miss. Code Ann.], provides that such waiver of his presence by the accused shall be ‘at the discretion of the court. ’ This is a sound provision, and is a safeguard against the accused being denied any substantial right at his trial, and its purpose is to protect him, at all events, in securing a fair and impartial trial, in a court presided over by a just and impartial judge. The discretion is given the court to see that the accused obtains a just trial, even though he has waived his right to be present at some stage of it. If it appeared in the lower court, or here on appeal, that the accused did not receive a fair and impartial trial by an impartial jury, a new trial would be granted, even though the failure to secure a fair and impartial trial in the lower court had been on account of waiver of presence by the accused. This safeguard is rightfully reserved in the statute, so that, in the last analysis, the court will see to it that suicide by process of law is prevented, and that no injustice is done the accused on account of his own act of waiver or on account of any wrongful procedure by the trial court.” 117 Miss. at 543, 78 So. at 148-49.
We followed this same line of reasoning in Ford v. State, 170 Miss. 459, 155 So. 220 (1934), Hamburg v. State, 203 Miss. 565, 35 So.2d 324 (1948), and Myers v. State, 268 So.2d 353 (Miss.1972)....
McMillian next complains of alleged prejudicial statements made by the trial judge in the presence of the jury concerning defendant’s absence.
The judge’s remarks were merely in explanation of McMillian’s absence, the steps being taken to return him to the trial, and the necessity for proceeding with the trial, so they were not prejudicial. Moreover, no objection whatsoever was made at the time these remarks were made. There is no merit in this assignment of error.
(emphasis added). Griffin did not show or allege what input he would have made had he been present that would have changed the outcome of his case. He did not allege that he did not receive a fair and impartial trial by an impartial jury. Griffin merely surmised that his absence “must have been prejudicial.” Further, defense made no objection to the judge’s remarks concerning Griffin’s absence, but rather agreed ahead of time that the remarks would be proper. Griffin does not raise any impropriety with the remarks on appeal. The circuit court is affirmed on its denial of a judgment notwithstanding the verdict or a new trial.
CONCLUSION
¶ 11. Finding no error with the trial judge’s decision to deny Griffin’s motion for judgment notwithstanding the verdict or in the alternative a new trial, we affirm.
¶ 12. THE JUDGMENT OF THE CALHOUN COUNTY CIRCUIT COURT OF CONVICTION OF SALE OF A SCHEDULE II CONTROLLED SUB *296 STANCE AND SENTENCE OF TWENTY FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED TO CALHOUN COUNTY.
McMILLIN, C.J., KING and SOUTHWICK, P.JJ., BRIDGES, IRVING, LEE, MYERS, and THOMAS, JJ., concur. CHANDLER, J., not participating.