881 So.2d 312 (2004)
James Earl McCOY, Appellant
v.
STATE of Mississippi, Appellee.
No. 2003-KA-00404-COA.
Court of Appeals of Mississippi.
August 24, 2004.
Gary Goodwin, Columbus, attorney for appellant.
Office of the Attorney General by Scott Stuart, attorney for appellee.
EN BANC.
*313 MYERS, J., for the Court.
¶ 1. James Earl McCoy was found guilty of armed robbery in the Circuit Court of Lowndes County, Mississippi. McCoy was sentenced to serve a term of thirty-five years in the custody of the Mississippi Department of Corrections. McCoy's motion for JNOV or, in the alternative, a new trial was denied by the circuit court. McCoy appeals to this Court and raises the following issue: was the jury verdict against the overwhelming weight of the evidence?

STATEMENT OF FACTS
¶ 2. On December 29, 1999, at approximately 11:26 p.m., three men entered the Jr. Food Mart in Columbus, Mississippi. Brandi Dennison was working the 11 p.m. to 7 a.m. shift as cashier. Dennison was alone in the store and talking to her husband on a cordless phone when the men approached her at the check-out counter and demanded money. Dennison testified that one man held a gun to her head while another man went to the store's unlocked safe to get the money. A third man stood at the end of the counter pointing a gun at her. The man at the safe took a Trustmark bank bag which contained $173. The man holding the gun to Dennison's head threw her on the floor and the three men left the store in what Dennison described as a dark-colored older model Oldsmobile or Chevrolet Caprice. Dennison stated that the robbery lasted less than five minutes.
¶ 3. After crawling into the store's office and watching the men leave on the security cameras, Dennison dialed 911 and police responded within five minutes. Upon the police arriving at the Jr. Food Mart, Dennison gave a description of the men and the getaway car. The police showed Dennison a photo album hoping that she could identify the men. Dennison did not make a positive identification at that time. Shortly thereafter, deputy sheriffs pulled behind a dark blue vehicle at an Exxon station in Columbus. Three men exited the car and went inside the Exxon store to purchase cigars. When the deputies approached the car, a man was sitting on the back seat. Deputy Eddie Coleman saw a silver colored gun on the front seat. The man in the back seat had a black semi-automatic handgun hidden behind him.
¶ 4. The four men were apprehended and handcuffed at the Exxon station. Dennison was taken to the Exxon by police and immediately identified McCoy as the man who held the gun to her head during the robbery. Dennison also identified one of the men, Anthony Durrah, as the man who got the money out of the safe. Dennison was unsure about the third man standing by the counter, John Bonner.
¶ 5. McCoy was indicted on February 9, 2000, for armed robbery in violation of Mississippi Code Annotated Section 97-3-79 (Rev.2000). McCoy's trial occurred on December 3, 2001. On the day of his trial, McCoy appeared with counsel ready for trial. After the jury voir dire, the jury was selected and impaneled. McCoy failed to appear in court after a noon recess when opening statements were scheduled to begin. Upon motion by the State, a bench warrant was issued for McCoy's immediate arrest. The trial proceeded in McCoy's absence and the jury found McCoy guilty of armed robbery. McCoy's sentencing was postponed until his whereabouts were determined and he was in custody of the MDOC. McCoy was sentenced to serve thirty-five years in the custody of the MDOC. McCoy filed a post-trial motion for JNOV or, in the alternative, a new trial which was denied by the circuit court. It is from this denial that McCoy now appeals to this Court.

*314 LEGAL ANALYSIS

I. WAS THE JURY VERDICT AGAINST THE OVERWHELMING WEIGHT OF THE EVIDENCE?
¶ 6. McCoy argues that the jury verdict was against the overwhelming weight of the evidence. He contends that the State failed to prove beyond a reasonable doubt an element of his crime, identity, because Brandi Dennison did not personally identify him in court as one of the men who participated in the armed robbery. McCoy did not return to his trial after the jury was selected. He argues that because he was not present during the trial and Dennison was not asked to identify him in court, his conviction and sentence cannot stand. The State argues that based on the evidence the jury heard, specifically the testimony of Dennison and Sergeant Larry Swearingen, there was sufficient evidence to support the verdict.
¶ 7. The standard of review for determining whether a jury verdict is against the overwhelming weight of the evidence is well settled. The appellate court must accept as true all evidence which supports the verdict and will reverse only when convinced that the circuit court has abused its discretion in failing to grant a new trial. Swann v. State, 806 So.2d 1111, 1117 (¶ 25) (Miss.2002). On review, the State is given "the benefit of all favorable inferences that may reasonably be drawn from the evidence." Griffin v. State, 607 So.2d 1197, 1201 (Miss.1992). The appellate court should not reverse a guilty verdict unless failure to do so would sanction an unconscionable injustice. Hilliard v. State, 749 So.2d 1015, 1016-17 (¶ 10) (Miss.1999). "This Court does not have the task of re-weighing the facts in each case to, in effect, go behind the jury to detect whether the testimony and evidence they chose to believe was or was not the most credible." Langston v. State, 791 So.2d 273, 280 (¶ 14) (Miss.Ct.App.2001).
¶ 8. A review of the record indicates that Dennison testified that on December 29, 1999, shortly after her 11 p.m. shift began, three men entered the Jr. Food Mart and demanded money. According to Dennison, one man stayed at the end of the check-out counter, one man went to the store's safe which was unlocked per company policy to get the money and the other man grabbed her arm and held a gun to her head. Dennison stated that the light in the store was very bright. Dennison described the men as being black males. All three men were carrying guns. The man holding the gun to her head was carrying a silver medium-sized automatic handgun, which Dennison described as not being a revolver. Dennison described that man as a black male, approximately six feet tall, medium frame, wearing dark blue baggy pants and a jacket. The man was wearing pantyhose over his face, but Dennison testified that she could see right through to the man's face.
¶ 9. Dennison described the man at the safe as having a darker complexion, heavy set, shorter than the other two men and having thick hair. That man was carrying a black automatic handgun somewhat larger than the silver gun. Dennison described the man at the end of the counter as having a lighter complexion, 5'6' to 5'7' tall and skinny. She stated that he looked very young and nervous and she did not recall what he was wearing. Dennison remembered that this man also had a gun which he was pointing at her but she could not give a description of the gun.
¶ 10. Dennison testified that the man at the safe took a Trustmark bank bag which contained $173. The man holding a gun to Dennison's head threw her on the floor and the men left in a dark-colored older model Oldsmobile or Chevrolet Caprice. *315 After the men left, Dennison called 911 and the police arrived at the store about five minutes later. Dennison gave descriptions of the three men and the car to police. The police showed Dennison a photo album but she did not make any positive identifications at that time. Dennison was taken by police to an Exxon station where four men were apprehended. As Dennison and police approached the Exxon, Dennison saw McCoy standing outside the store and immediately identified him as the man who held the gun to her head. Dennison testified that she had no doubt McCoy robbed her. At the Exxon, Dennison also identified Anthony Durrah as the man who went to the safe and took the bank bag. Dennison was not sure about the third man at the end of the counter, John Bonner. At McCoy's trial, Dennison identified five photos of a blue vehicle which she stated looked like the getaway car.
¶ 11. Deputy Larry Swearingen testified for the State that on the night of the robbery he was working as a road deputy for Lowndes County, and his job was to answer 911 calls. At approximately 11:26 p.m., he received a call that the Jr. Food Mart had been robbed. He arrived on the scene at 11:30 p.m. and obtained descriptions of the three men and the vehicle from Dennison. Swearingen immediately relayed information to 911 that Dennison had been robbed by three black males traveling in a dark-colored older model Chevrolet or Oldsmobile. Swearingen testified that he showed a photo album to Dennison hoping that she could identify the men. Dennison did not make an identification at that time. Swearingen took Dennison to the Exxon station where she identified McCoy and Durrah.
¶ 12. Deputy Richard Speed testified that after he received a 911 call that the Jr. Food Mart had been robbed by three black males driving an older model car, he saw four black males inside a large dark blue vehicle traveling north on Highway 45. Speed turned off his blue lights and followed the car to the Exxon station. Speed stated that three black males, McCoy, Durrah and Rico Bailey, got out of the car and went inside the Exxon. Deputy Speed pulled behind the car so the men could not leave. Upon approaching the car, Speed was informed that another man was sitting on the back seat. Speed asked McCoy, Bailey and Durrah to step outside where they, along with the fourth man were handcuffed. Speed identified five pictures of a blue vehicle in court which was the vehicle the men were driving when they arrived at the Exxon.
¶ 13. Deputy Eddie Coleman testified that upon arriving at the Exxon station, he pulled in front of the vehicle so the men could not leave. He noticed a silver gun on the front seat and a man, later determined to be John Bonner, sitting in the back seat. Bonner was concealing a .380 semiautomatic black handgun. During a search of the car, Coleman found two revolvers under the driver's seat. The silver gun and the black gun were loaded. Coleman identified the silver gun in court.
¶ 14. Deputy Kenneth Johnson conducted a search of Bonner and he found bullets in a plastic bag and over $100 in Bonner's front pants pocket. Johnson did not count the money at that time but a stipulation was made that $170 was removed from Bonner's pocket.
¶ 15. Charles Wilson, a part-time cashier at Exxon, testified that three men entered his store on the night of December 29, 1999, and bought cigars. The men were apprehended by police after spending less than $5 in the Exxon.
¶ 16. McCoy's argument on appeal is that there was no personal in-court identification of him as one of the men who *316 participated in the robbery of the Jr. Food Mart. McCoy appeared in court with his attorney ready for trial and was present during the jury voir dire and when the jury was impaneled. The judge recessed court for lunch and McCoy failed to return to court on his bond. Upon a motion by the State, McCoy's trial proceeded in his absence. The trial judge acted in accordance with the law by granting the State's motion. See Miss.Code Ann. § 99-17-9 (Rev.2000); Griffin v. State, 811 So.2d 291, 293-94(¶ 8) (Miss.Ct.App.2001) (citing McMillian v. State, 361 So.2d 495, 496-97 (Miss.1978) in which the supreme court held that a defendant who was present during jury voir dire and who failed to return for his trial voluntarily waived his right to be present at trial). McCoy chose not to return for his trial and now complains that he was not personally identified in court. McCoy alone is responsible and cannot now complain about the consequences of his own voluntary act.
¶ 17. While the identity of the accused is always an element of the crime charged, we find that reviewing the facts in a light most favorable to the State, a reasonable juror could infer that McCoy was guilty of armed robbery beyond a reasonable doubt. Dennison testified in court that she was certain McCoy robbed her. If McCoy had been present at his own trial, Dennison could have made an in-court identification. The weight of the evidence against McCoy demonstrates that sufficient proof was offered by the State for the jury to find McCoy guilty of armed robbery in violation of Mississippi Code Annotated Section 97-3-79 (Rev.2000).
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF LOWNDES COUNTY OF CONVICTION OF ARMED ROBBERY AND SENTENCE OF THIRTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO LOWNDES COUNTY.
KING, C.J., BRIDGES, P.J., LEE, CHANDLER AND GRIFFIS, JJ., CONCUR. IRVING AND BARNES, JJ., NOT PARTICIPATING.